## MARY HASKELL *versus* CYRUS PUTNAM.

A., for a valuable consideration, agreed to convey to B. certain premises within two years, *provided* B. paid a stipulated sum of money within that time to A., and also all taxes that might be levied on the premises, and an agreed sum annually for rent. B. failed to perform the conditions, allowed the property to be sold for taxes, purchased the tax title, and defended against A. by force of that title : —

*Held,* that it was the duty of B. to have paid the taxes, and that he cannot set up, as against A., a title which he obtained by a violation of that duty.

ON AGREED STATEMENT OF FACTS.

This was a writ of entry. The nature of the claim and grounds of defence, will appear in the arguments of counsel, and in the opinion of the Court.

*W. Emmons,* for plaintiff.

1. The certificate of the collector was invalid, because it does not state, that no person appeared within nine months to discharge the taxes. Laws of 1844, c. 123, § 1.

2. The treasurer's advertisement is defective and insufficient, because it does not purport to publish the taxes of only such as were assessed upon land of non-resident owners, who were known, and not of those upon land of non-resident owners unknown. The taxes in question, were assessed upon land the owner of which was unknown. Laws of 1844, c. 123, § 2.

3. The defendant was guilty of a breach of trust, violation of his contract, and of taking advantage of his own wrong. Matthews in Equity, 32 Maine, 305; Matthews in Equity, 28 Maine, 363; Perkins on Conveyancing, 201; Noys' Maxims, § 33, p. 40.

*W. B. Glazier,* for defendant, contended :—

1. The requirements of law in the sale of the land for non-payment of taxes were strictly complied with.

2. The obligation given by Haskell (the plaintiff) to Putnam (the defendant) can in nowise affect the tax title. It is not signed by Putnam, and no counterpart thereof, or corresponding agreement to pay rent or taxes, was ever given by Putnam to Haskell. This is simply an agreement of *Haskell's*

to convey the premises upon performance of certain conditions. Suppose the conditions were not performed; in that case, Haskell was absolved from conveying, and this could be the only consequence. *Colman* v. *Anderson*, 10 Mass. 105; *Gray* v. *Gardiner*, 3 Mass. 399; *Blossom* v. *Cannon*, 14 Mass. 177.

3. Nor can the transaction be looked upon in the light of a mortgage. No deed was given contemporaneously with Haskell's agreement, *and the obligation is not under seal.* So Putnam cannot be considered as a mortgager. *Jewett* v. *Bailey*, 5 Maine, 87; *French* v. *Sturtevant*, 8 Maine, 246.

RICE, J. — The testator of the demandant, on the 18th of September, 1848, in writing, for a valuable consideration, agreed to convey the demanded premises to the tenant, by deed of quitclaim, within two years, provided the tenant should pay or cause to be paid, within that time, a sum of money therein stipulated, and also pay all taxes which might be levied thereon, and an agreed sum annually for rent.

Under this obligation the tenant held and occupied the demanded premises, paying the rent stipulated, and affirming from time to time to the agents of the demandant that he had also paid the taxes. This condition of things seems to have continued until the year 1853; the time for payment of the principal sum, having been extended from year to year until that time, when the tenant was notified to quit, and this action for possession was commenced. It now seems that the tenant, in violation of the conditions on which he occupied the land, neglected to pay the taxes assessed thereon, and permitted the same to be sold therefor, and now defends under a quitclaim deed, obtained from the person who purchased the tax title.

It was the duty of the tenant to pay the taxes upon the demanded premises. The omission to do so was a violation of good faith and a breach of the condition on which he occupied them. To permit him to set up a title which he has obtained by a violation of his own duty, if it were in other respects

good, would be most manifestly inequitable, and in fraud of the rights of the demandant. Such a defence cannot prevail, either in law or equity, and it requires no small degree of assurance to set it up in a court of justice. The tenant must be defaulted, and the demandant have judgment for possession and for rent as per agreement of parties.

TENNEY, C. J., and APPLETON, J., concurred.